UNITED STATES of America,
Plaintiff–Appellee,

v.

Filiberto ENRIQUEZ–CASTILLO,
Defendant–Appellant.

No. 04–40723
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 2005.

James Lee Turner, John Richard Berry, Assistant U.S. Attorneys, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Kyle Blair Welch, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Filiberto Enriquez–Castillo (Enriquez) appeals his guilty-plea conviction and sentence for illegal reentry into the United States following deportation subsequent to a felony conviction for a crime of violence. For the first time on appeal, Enriquez argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Enriquez acknowledges, his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which was not overruled by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

Enriquez argues that under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the enhancement of his sentence based on his prior conviction was error. However, *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), reaffirmed the holding in *Apprendi* that prior convictions are excluded from the facts that must be admitted or submitted to the jury. *See Booker,* 125 S.Ct. at 756. Thus, Enriquez's sentence was not affected by a Sixth Amendment violation. *See Booker,* 125 S.Ct. at 750, 769.

Enriquez argues that because his sentence was imposed pursuant to an unconstitutional mandatory guidelines system, it is unconstitutional and should be vacated. *See Booker,* 125 S.Ct. at 750, 768–69; *see also United States v. Mares,* 402 F.3d 511, 518–20 & n. 9 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). We review for plain error. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556).

The error was plain, meeting the first two prongs of the plain-error standard. *See United States v. Martinez–Lugo,* 411 F.3d 597, 600 (5th Cir.2005). However, Enriquez has not shown that the error affected his substantial rights. Although the sentence was at the low end of the guideline range, a sentence at the low end of the guideline range does not alone indicate that the district court would have sentenced Enriquez differently under an advisory sentencing scheme. *See United States v. Bringier,* 405 F.3d 310, 318 n. 4 (5th Cir.2005), *petition for cert. filed* (July 26, 2005) (No. 05–5535). Furthermore, the error was not structural and prejudice is not otherwise presumed. *See Martinez–Lugo,* 411 F.3d at 601; *United States v. Malveaux,* 411 F.3d 558, 561 n. 9 (5th Cir.2005), *petition for cert. filed,* (July 11, 2005) (No. 05–5297). Nothing in the sentencing transcript indicates that the district court would have imposed a lesser sentence had it known that the guidelines were not mandatory. *See Martinez–Lugo,* 411 F.3d at 601.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.